## THE COUNTY OF BAY v. JOHN BULLOCK, SUPERVISOR OF DEEP RIVER TOWNSHIP.

*Division of counties.*

The constitutional prohibition against reducing any county to less than sixteen townships is meant to prevent its unreasonable reduction in size, and not to preclude the division of surveyed townships, if convenience requires, in organizing new counties. It was not violated where a county was left with fifteen whole and two half townships.

Where the Legislature, in setting off a new county from an old one, divided a township, but passed an act impliedly recognizing its continued existence in one of the counties and attaching the rest to a township in the other county, it was *held* that the township organization was not destroyed.

The division of the State into representative districts is not necessarily altered by an act so setting off a new county from an old one as to carve the new county out of one of the districts in the old one.

The Constitution provides that "Each apportionment and the division into representative districts by any board of supervisors shall remain unaltered until the return of another enumeration." *Held*, that the enumeration referred to is an enumeration of the population by either State or federal authority.

Motion for order to show cause. October 16.—October 18.

*Hatch & Cooley* for the motion.

*Andrew C. Maxwell*, amicus curiae, against.

COOLEY, J.   The motion in this case involves the validity of the act passed at the last session of the Legislature, setting off the county of Arenac from the county of Bay. The purpose of the motion is to compel the supervisor of Deep River, which the act in question purports to set off from Bay county, to return his tax-roll to the board of supervisors of Bay county, and to attend the meetings of that board.   If the act is valid there is no ground for the motion.

Three objections are made to the act, and they will be briefly noticed.

1. It is said that it violates section 2 of Art. ten of the Constitution, which provides that "No organized county shall ever be reduced by the organization of new counties to less than sixteen townships, as surveyed by the United States, unless in pursuance of law a majority of electors residing in each county to be affected thereby shall so decide."   Bay county, with Arenac set off, will consist of fifteen townships, as surveyed by the United States, and of two half townships.   If the two half townships can be regarded as a township within the intent of the Constitution, this objection must fail.   We think they must be so regarded. There was no purpose in the clause of the Constitution which is quoted to preclude the division of surveyed townships if convenience in organizing counties should require it; the

object was to prevent the unreasonable reduction of counties in size, and the Legislature has not lost sight of that object in this instance.

2. It is further said that the organization of the township of Lincoln was destroyed by the Act, part of it being left in Bay county and the other part set off in Arenac with no provision whatever made for the continuance of the township government.

Whatever difficulty there may have been in this regard we think was obviated by the Act of May 10, 1883, which attached the part of the township of Lincoln that was left in Bay county to the township of Pinconning, and which, by implication, at least, recognized the continued existence of Lincoln township in the county of Arenac. The intention of the Legislature, being perfectly plain, must be given effect.

3. The last objection is that the Act violates the clause of the Constitution which provides that "each apportionment, and the division into representative districts by any board of supervisors, shall remain unaltered until the return of another enumeration." Art. 4, § 4. The enumeration here intended is an enumeration of population by either federal or State authority.

Bay county, when the act in question was passed, stood divided into two representative districts. Arenac county is carved out of one of these districts. The act does not undertake to change these districts in any manner, and the Constitution itself would have prevented, had the attempt been made. The representative districts, therefore, remain as before. When a new census shall be taken, the Legislature will be called upon to make a new apportionment of representatives between counties, and some change in the condition of things as they were left by the Act will then be called for. But in the mean time we do not perceive that the Act has introduced any legal difficulty or any confusion.

The motion must be denied.

The other Justices concurred.